**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re<br><br>FIRST PLACE FINANCIAL CORP.<br><br>Debtor. | Chapter 11<br><br>Case No. 12-12961 (BLS) |

## MOTION TO APPROVE CASH MANAGEMENT PROCEDURES AND
## INTERIM WAIVER OF SECTION 345(B) REQUIREMENTS

First Place Financial Corp. (the "Debtor"), the debtor and debtor in possession in the above-captioned case, hereby moves the Court (the "Motion") for entry of an order (the "Order"), approving cash management procedures and granting an interim waiver of certain Section 345(b) requirements. In further support of the Motion, the Debtor respectfully represents:

### I. Jurisdiction and Venue

1.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157(b), and venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are sections 105(a), 345, and 363(b) of the Bankruptcy Code, and Local Bankruptcy Rule 2015-2(b).

### II. Background

**A.     General Background of the Debtor**

2.     On October 29, 2012 (the "Petition Date"), the Debtor commenced the above-captioned chapter 11 case by filing a voluntary petition under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). Pursuant to Bankruptcy Code sections 1107(a) and 1108, the Debtor is continuing to operate and manage its financial

affairs as a debtor in possession.  As of the date hereof, no trustee, examiner or official committee of unsecured creditors has been appointed in this case.

3.      Additional background regarding the Debtor, its business operations, and the events leading up to its bankruptcy filing is set forth in the *Declaration of David W. Gifford in Support of First Day Pleadings*, which is filed concurrently herewith and incorporated herein by reference.

### B.      The Debtor's Cash Management Practices

4.      The Debtor currently maintains a total of five deposit and/or money market accounts, (collectively the "Prepetition Accounts") with the following institutions (collectively, the "Banks"):  (i) First Place Bank; (ii) Key Banc Capital Markets, Inc.; (iii) Keefe, Bruyette & Woods, Inc.; (iv) Stifel Nicolaus; and (v) the Federal Hole Loan Bank of Cincinnati.  On the Petition Date, the total amount of funds held by the Debtor in the Prepetition Accounts totaled approximately $7.5 million.   A detail of the Prepetition Accounts is set forth on Exhibit A attached hereto.

5.      The bulk of the Debtor's $7.5 million maintained in the Prepetition Accounts is held in an account maintained at its wholly owned subsidiary, First Place Bank.  The balances within the Prepetition Accounts do not constitute "cash collateral" for purposes of section 363 of the Bankruptcy Code and all funds in such accounts are unencumbered.

6.      The U.S. Trustee has established guidelines regulating the banking and cash management practices of debtors in possession.  These guidelines require chapter 11 debtors to, among other things, (i) close all existing bank accounts and open new debtor in possession bank accounts, (ii) label all checks obtained for the new accounts with the

phrase "Debtor in Possession" on the face of the checks, and (iii) deposit any funds held by the bankruptcy estate in an insured or collateralized account with a financial institution that the U.S. Trustee has designated as an "<u>Authorized Depository</u>."

7.      Presently, none of the Debtor's Prepetition Accounts is maintained with an institution that has been designated as an Authorized Depository by the U.S. Trustee.[1]  In order to comply with the U.S. Trustee's cash management guidelines, the Debtor intends to transfer all funds maintained within the Prepetition Accounts from the Banks to other financial institution(s) that have been designated as an Authorized Depository by the U.S. Trustee. However, given the large cash balance presently maintained by the Debtor, it will not be administratively practicable to force the Debtor to immediately transfer all of its funds from the Banks to other Authorized Depositories at the outset of the case.

8.      Given the significant size of the balances and the large number of administrative demands that will be imposed upon the Debtor's limited staff at the outset of this bankruptcy proceeding, the Debtor will require a brief period, not to exceed fourteen (14) days, in which it may continue to use and maintain the Prepetition Accounts, while it makes final preparations to transfer the funds within the Prepetition Accounts to an Authorized Depository.  The Debtor believes that the continuation of the Prepetition Accounts is essential to enable a smooth transition into chapter 11, so that the process of opening new accounts at Authorized Depositories can be finalized with minimal interruption to the Debtor's estate.

9.      Due to the commencement of this proceeding, some of the Banks may elect to administratively "freeze" the accounts referenced herein, unless the Court issues

---

[1]   Upon information and belief, one of the Banks, Key Banc Capital Markets, Inc., may be an affiliate of a financial institution, Key Bank, which has been designated as an Authorized Depository.

an order authorizing the Debtor to continue to use the Prepetition Accounts.  Such an administrative "freeze" will complicate the Debtor's efforts to transition its funds to an Authorized Depository and hinder its efforts to preserve its estate.  Without access to the Prepetition Accounts, the Debtor will not be able to fund payments of operational expenses in the ordinary course of business.  Unless the Debtor is able to immediately regain access to the Prepetition Accounts, it may suffer immediate and irreparable harm.

10.     Until such time as the Prepetition Accounts are transferred to an Authorized Depository, but in no event for more than fourteen (14) days after the Petition Date, the Debtor requests that Prepetition Accounts be deemed "debtor-in-possession accounts," so that the Debtor can continue to utilize the Prepetition Accounts without interruption, to allow the Debtor to make any post-petition payments that may be necessary in the early stages of this proceeding and facilitate the transition of the Prepetition Account funds to Authorized Depositories.  To the extent necessary, the Debtor requests interim waiver of the requirements of section 345 of the Bankruptcy Code to allow use of the Prepetition Accounts as set forth herein.

### III.  Relief Requested

11.     By this Motion, the Debtor seeks an order, substantially in the form of the proposed order attached hereto: (i) authorizing the Debtor to continue to maintain its cash with the Banks for a period not to exceed fourteen (14) days; (ii) deeming the Prepetition Accounts to be "Debtor-in-Possession" accounts for that fourteen (14) day period; and (iii) authorizing and directing the Debtor and the Banks to complete the transfer of the Prepetition Account funds to Authorized Depositories, consistent with the U.S. Trustee's cash management guidelines.

## IV.  Basis for Relief

**A.     The Debtor Requires a Brief "Transition Period" to Transfer its
Funds to an Authorized Depository**

12.     Requiring the Debtor to immediately close Prepetition Accounts at the Banks and open new accounts would impose a significant and unnecessary administrative burden upon the Debtor.  Although the Debtor intends to fully comply with the U.S. Trustee guidelines and transfer all of its funds to Authorized Depositories, the large balance of funds collectively maintained in the Prepetition Accounts, the Debtor's limited administrative resources, and the significant demands imposed upon a debtor at the outset of a bankruptcy proceeding require that the Debtor have a brief "transition period," not to exceed fourteen (14) days, with which to complete its transfer.

13.     Moreover, unless the Debtor obtains a Court order affirming its ability to temporarily maintain funds within the Prepetition Accounts as it is preparing them for transfer to an Authorized Depository, an "administrative freeze" may be placed upon the Debtor's funds.  Without access to the Prepetition Accounts, the Debtor will not be able to fund payments of operational expenses in the ordinary course of business, which could adversely impact its ability to manage its estate.

**B.     Section 345(a) of the Bankruptcy Code permits flexibility in the
management of the estate's cash and it is unnecessary to require the
Bank to provide additional insurance of the Debtor's accounts**

14.     Section 345(a) of the Bankruptcy Code allows the trustee (or debtor in possession) to "make such deposit or investment of the money of the estate for which such trustee serves as will yield the maximum reasonable net return on such money, taking into account the safety of such deposit or investment."  Section 345(b) authorizes

the Court, for cause shown, to dispense with the filing of a bond or deposit of securities.[2]
Courts have considered a number of factors when assessing whether "cause" exists to
allow a Debtor to forego obtaining a bond or other security for its bank deposits.  *See In
re Service Merch. Co.*, 240 B.R. 894, 896 (Bankr. M.D. Tenn. 1999) (identifying factors
relevant to "cause" under section 345(b), including the amounts of the deposits, the
debtor's safeguards for the funds, the benefit to the debtor of a waiver of the 345(b)
requirements, the potential harm to the estate, and the reasonableness of a waiver under
the circumstances).

15.     Here, such cause exists to temporarily waive the provisions of section
345(b) for the interim period during which the Debtor is working to transfer its funds to
Authorized Depositories.  The Debtor is only seeking a temporary, fourteen (14) day
waiver of the 345(b) requirements in order to provide it sufficient time to coordinate the
transfer of its large Prepetition Account balances to an Authorized Depository.  The
Debtor's estate may suffer significant harm if it were forced to immediately devote all of
its administrative resources to cash management issues in order to avoid a potential
administrative freeze that could deprive it of funds necessary to pay for its ongoing
operations.  However, the potential harm to the estate is small, given the short period of
the waiver -- the Debtor's Prepetition Accounts will be transferred to a safe, Authorized
Depository approved by the U.S. Trustee no later than fourteen (14) days from the
Petition Date.

_____

[2] Pursuant to Local Bankruptcy Rule 2015-2(b), the Court may grant an interim waiver of the requirements
imposed by section 345(b) in a chapter 11 case with more than 200 creditors.  Because the combined
total of the Debtor's creditors, equity security holders, and other interested parties runs into the
thousands, the Debtor submits that good cause is shown for the interim waiver of the section 345(b)
requirements, pursuant to Local Rule 2015-2(b).

16.     On balance, these factors counsel heavily in favor of a temporary waiver of the requirements imposed by Section 345(b), in order to allow the Debtor to complete its transfer of funds to an Authorized Depository.

**C.     Section 363(b) allows any administrative freeze to be overridden.**

17.     Section 363(b) of the Bankruptcy Code allows the trustee (or debtor in possession) to "use" property in the ordinary course of business. Accordingly, any administrative "freeze" imposed by the Banks as a result of the Debtor's bankruptcy filing should be overridden in order to allow the Debtor to use the Prepetition Accounts, pending transfer to an Authorized Depository as requested in this Motion.

**V.  No Prior Request**

18.     No previous request for the relief sought herein has been made to this Court or any other court.

*[Remainder of Page Intentionally Left Blank]*

## VI.  Conclusion

For all of the foregoing reasons, First Place respectfully requests entry of an order granting the relief requested herein and such other and further relief as the Court deems just.

Dated: October 29, 2012
      Wilmington, Delaware

BAYARD, P.A.

*/s/ Neil B. Glassman*
Neil B. Glassman (No. 2087)
Jamie L. Edmonson (No. 4247)
Justin R. Alberto (No. 5126)
222 Delaware Avenue, Suite 900
Wilmington, Delaware 19801
Telephone: (302) 655-5000
Facsimile: (302) 658-6395
Email: nglassman@bayardlaw.com
      jedmonson@bayardlaw.com
      jalberto@bayardlaw.com

-and-

PATTON BOGGS LLP
Robert W. Jones, Esquire
Brent R. McIlwain, Esquire
Brian Smith, Esquire
200 McKinney Avenue, Suite 1700
Dallas, Texas 75201
Telephone: (214) 758-1500
Facsimile: (214) 758-1550
Email: rwjones@pattonboggs.com
      bmcilwain@pattonboggs.com
      bsmith@pattonboggs.com

*Proposed Counsel for Debtor and Debtor in Possession*