# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Case No. 12-12961 (BLS) |
| FIRST PLACE FINANCIAL CORP. | Chapter 11 |
| Debtor. | Re: D.I. 5 |

## ORDER GRANTING EMERGENCY MOTION TO APPROVE CASH MANAGEMENT PROCEDURES AND INTERIM WAIVER OF SECTION 345(B) REQUIREMENTS

The Court, having considered the *Emergency Motion to Approve Cash Management Procedures and Interim Waiver of Section 345(b) Requirements* (the "Motion"),[1] and the argument of counsel at the hearing thereon, hereby finds that: (i) it has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334; (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (iii) the relief requested in the Motion is in the best interest of the Debtor, its estate and its creditors; (iv) proper and adequate notice of the Motion has been given and no other or further notice is necessary; (v) all objections to the Motion have been resolved by this Order or are overruled in their entirety; and (vi) upon the record herein and due deliberation thereon good and sufficient cause exists for the granting of the relief as set forth herein. It is therefore **ORDERED** that:

1. The Motion is hereby **GRANTED**;

2. The Debtor is authorized to continue to use the Prepetition Accounts identified on <u>Exhibit A</u> attached hereto, and to treat the Prepetition Accounts for all purposes as accounts of the Debtor in its capacity as debtor-in-possession through and including the date that is fourteen (14) days from October 29, 2012.

3. The Debtor's right to use the Prepetition Accounts through and including

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion.

the date that is fourteen (14) days from October 29, 2012 shall include the right to continue using the Debtor's existing, prepetition business forms and checks, without alternation or change and without requiring the designation of "debtor-in-possession or a debtor-in-possession case number imprinted upon them. The Banks are also directed to honor any post-petition checks issued by the Debtor as if the checks were marked "debtor-in-possession" and as if the Prepetition Accounts had the title of "debtor-in-possession" and to honor all representations from the Debtor regarding whether checks should be honored or dishonored.

4. The Banks are prohibited from honoring any checks, drafts, or ACH transfers presented, issued, or drawn on the Prepetition Accounts on account of a claim (as such term is defined in Section 101(5) of the Bankruptcy Code) arising before the Petition Date. However, any payment made by a Bank prior to the Petition Date (including any ACH transfer that the Banks may be obligated to settle) against any of the Prepetition Accounts or instruments issued by a Bank on behalf of the Debtor pursuant to a "midnight deadline" or otherwise, shall be deemed to be made prepetition, whether or not actually debited from the Prepetition Accounts prepetition.

5. Notwithstanding anything to the contrary set forth in this Order, the Debtor is authorized and directed to transfer, on or before the date that is fourteen (14) days from October 29, 2012, all funds within the Prepetition Accounts to one or more Authorized Depositories approved by the United States Trustee for the District of Delaware. The Banks listed on Exhibit A attached hereto are authorized and directed to comply with the Debtor's requests to transfer funds maintained within the Prepetition Accounts to one or more Authorized Depositories.

6. The Debtor will provide the Office of the United States Trustee for the District of Delaware with notice upon the Debtor's closing of any of the Prepetition Accounts or opening new accounts with Authorized Depositories. For any Authorized Depositories at which the Debtor opens accounts that are party to a Uniform Depository

agreement with the Office of the United States Trustee for the District of Delaware, within fifteen (15) days from the date of entry of this Order and/or the opening of such account, the Debtor shall (a) contact each such Authorized Depository, (b) provide the Authorized Depository with the Debtor's employer identification number, and (c) identify the accounts held at such Authorized Depository as being held by a debtor in possession.

7. To the extent that the Debtor's interim maintenance of the Prepetition Accounts, as authorized by this Order, would not be consistent with the requirements of Bankruptcy Code section 345, such requirements are waived, on an interim basis, for good cause shown; provided, however, that such waiver shall expire on the date that is fourteen (14) days from October 29, 2012.

8. This Order is entered without prejudice to the U.S. Trustee's right to later challenge any waiver of requirements imposed by section 345 of the Bankruptcy Code.

9. Notwithstanding the possible applicability of any stay of the effectiveness of this order, including, without limitation, the fourteen (14) day stay provided in Rule 6004(h) of the Federal Rules of Bankruptcy Procedure, the terms and conditions of this order shall be immediately effective and enforceable upon its entry.

10. The Debtor is authorized and empowered to take such actions as may be necessary and appropriate to implement the terms of this Order; and

11. The Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

**IT IS SO ORDERED.**

Dated: November 1, 2012

THE HONORABLE
BRENDAN L. SHANNON
UNITED STATES BANKRUPTCY JUDGE