UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

In re:

**FIRST PLACE FINANCIAL CORP.**

Debtor.

Chapter 7

Case No. 12-12961(BLS)

## CLAIM OBJECTION OF GEORGE L. MILLER, CHAPTER 7 TRUSTEE TO PROOF OF CLAIM NO. 16 FILED BY UNITED STATES DEPARTMENT OF THE TREASURY

George L. Miller, Chapter 7 Trustee (the "Trustee") of the bankruptcy estate of First Place Financial Corporation (the "Debtor"), by his undersigned counsel, hereby files this Objection (the "Objection") to Proof of Claim No. 16 Filed By United States Department of the Treasury (the "Proof of Claim"), and in support thereof, and respectfully represents as follows:

### JURISDICTION

1. This Court has jurisdiction to consider this Objection pursuant to 28 U.S.C. §§157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. §§157(b). Venue is proper in this district pursuant to 28 U.S.C. §§1408 and 1409.

### BACKGROUND

2. On October 29, 2012 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

3. On December 14, 2012, an order was entered authorizing the sale of substantially all of the Debtor's assets in accordance with Section 363 of the Bankruptcy Code.

4. On March 25, 2013, an order was entered converting this case to a case under Chapter 7, and thereafter, George L. Miller was appointed as Chapter 7 Trustee of this case.

5. On September 23, 2013, the United States Department of the Treasury (the "USDT" or "Claimant") filed Proof of Claim 16-1 in the amount of $78,396,525.00 (the "Proof

4469969 v1

of Claim"). The Proof of Claim is attached hereto as Exhibit "A" and incorporated by reference.

6. The Proof of Claim states that the USDT's claims "arise from or are related to [the USDT's] purchase of 72,927 shares of the Debtor's Fixed Rate Cumulative Perpetual Preferred Stock, Series A ... pursuant to that certain Securities Purchase Agreement between the Debtor and [the USDT]" (the "Securities Purchase Agreement").

7. Pursuant to the Securities Purchase Agreement, the USDT agreed to purchase shares of preferred stock and warrants from eligible companies such as the Debtor which elected to participate in the Troubled Assed Relief Program Capital Purchase Program.

8. The Proof of Claim describes the claim of the USDT arising from the Securities Purchase Agreement as follows:

    A. <u>Liquidation Preference</u>: Schedule A to the Securities Purchase Agreement provides that the liquidation preference on the Preferred Shares is $1,000 per share. As of the Petition Date, Claimant held 72,927 Preferred Shares. The aggregate amount due to Claimant on account of the liquidation preference is $72,927,000.00.

    B. <u>Undeclared Dividend Payments</u>: According to the terms of the Preferred Shares, the Claimant was entitled to receive, on each Preferred Share, as and when declared by the Board of Directors, cumulative cash dividends with respect to each Dividend Period at a rate per annum equal to the Applicable Dividend Rate on (i) the Liquidation Amount per Preferred Share and (ii) the amount of accrued and unpaid dividends for any prior Dividend Period on such Preferred Share. According to Schedule A to the Securities Purchase Agreement, the Dividend Payment Dates were February 15, May 15, August 15 and November 15 of each year. The aggregate amount due to Claimant on account of undeclared dividend payments for the period of May 15, 2011 through August 15, 2012 is $5,469,525.00.

    C. Claimant reserves all of its rights to assert claims for interest (including, without imitation, at the default rate), fees, costs, charges, expenses, disbursements, liabilities, losses, damages, indemnification, reimbursement and/or contribution and other amounts, including without limitation, legal fees and expenses (including, without limitation, in

connection with the preparation, filing and the prosecution of the Proof of Claim), that exist or arise as of or after the date of the filing of the Proof of Claim, whether prior to , on or subsequent to the Petition Date, in each case to the extent or as may be permitted, provided or contemplated under the Securities Purchase Agreement, any supporting documentation or applicable law.

9. The Proof of Claim is also accompanied by a letter agreement dated March 13, 2009 which confirms the transaction in the Securities Purchase Agreement.

## **OBJECTION**

10. The Securities Purchase Agreement clearly indicates that any obligation of the Debtor to the USDT is or directly relates to the issuance of stock. The Debtor does not owe any obligation to the USDT that could or should be classified as an unsecured claim.

11. Specifically, Section 4 of Annex A to the Securities Purchase Agreement, entitled "Liquidation Rights", provides that in the event of any liquidation of the affairs of the Debtor, holders of preferred stock are entitled to receive proceeds from the Debtor's assets after the Debtor's creditors and before holders of the Debtor's common stock. Payments to holders of preferred stock would include the liquidation preference and the amount of any accrued and unpaid dividends. Therefore, the Trustee objects to the Proof of Claim on the basis that the USDT does not possess a debt claim but rather merely an equity interest in the Debtor.

12. Pursuant to Section 501(a) of the Bankruptcy Code, proofs of claim are limited to creditors. An equity security holder may file a proof of interest, not a proof of claim. *See* 11 U.S.C. § 501(a).

13. An equity security holder is one who holds a:

> (A) share in a corporation, whether or not transferable or denominated "stock", or similar security;
>
> . . . or

4469969 v1

(C) warrant or right, other than a right to convert, to purchase, sell, or subscribe to a share, security, or interest of a kind specified in subparagraph (A)....

See 11 U.S.C. §§ 101(16), (17).

14. Under the terms of the Securities Purchase Agreement, the USDT is an equity security holder and the claims set forth in the Proof of Claim should be treated and classified as equity interests in the Debtor not as an unsecured claim.

15. The USDT has not set forth any other basis for its Proof of Claim other than its ownership of stock in the Debtor.

16. Because the USDT is merely the owner of equity securities in the Debtor, it is not a creditor and its claim should be disallowed.

17. The Trustee reserves the right to exercise any other remedies and objections to the Proof of Claim, including, but not limited to, the right to subordinate the Proof of Claim pursuant to Section 510(b) of the Bankruptcy Code.

WHEREFORE, the Trustee respectfully requests that the Court: (i) enter an Order reclassifying the Proof of Claim as a proof of interest and disallowing any unsecured claim by the USDT related to the Proof of Claim and (ii) granting the relief requested by the Trustee.

FLASTER/GREENBERG P.C.

Dated: December 2, 2014

/s/William J. Burnett
William J. Burnett, Esquire (ID# 4078)
1000 N. West Street, Suite 1200
Wilmington, DE 19801
(302) 351-1910

Counsel for the Chapter 7 Trustee

4469969 v1